UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X   Index No. # 11-CV-9437
Bendal Holt
       Plaintiff,

                     **ANSWER AND COUNTERCLAIM**

  -against-


Broadway Hi – Tronics, Inc., individually and
d/b/a Hi-Tronics Camera & Electronics

       Defendants.
------------------------------------------------------------------X

  Defendant, Broadway Hi – Tronics, Inc., by the Law Offices of Sally S. Attia, through their counsel, Sally S. Attia, Esq., hereby answers the Complaint of the Plaintiff in the following manner:

## ANSWER

1. The Defendant has no knowledge as to the allegations in Paragraph 5 of the Complaint;

2. Defendant admits Paragraph 6 through 11 of the Complaint;

3. The Defendant has no knowledge as to the allegations in Paragraph 12 through 14 of the Complaint;

4. Defendant denies the allegations in Paragraph 15 through 23 of the Complaint;

5. With respect to allegations in Paragraph 24 of the Complaint - unknown;

6. Defendant denies the allegations in Paragraph 25 and 26 of the Complaint;

7. With respect to allegations in Paragraph 27 of the Complaint - unknown;

8. Defendant denies the allegations in Paragraph 28 of the Complaint;

9. Defendant denies the allegations in Paragraph 31 of the Complaint, and in defense states that the Defendant has never discriminated against any one based on their race, or for any other reason;

10. Defendant's store is located at a prominent area of New York, routinely frequented by visitors of many racial, ethnic, or cultural backgrounds without issue;

11. Defendant's store employs people from multiple racial, ethnic and cultural backgrounds;

12. Defendant is sensitive and tolerant towards people who are of all kinds of different racial, ethnic, and cultural backgrounds;

13. Defendant denies the allegations in Paragraph 34 and 35 of the Complaint;

14. Defendant denies the allegations in Paragraph 38 and 39 of the Complaint;

15. Defendant denies the allegations in Paragraph 41 through 44 of the Complaint;

16. Defendant denies the allegations in Paragraph 46 and 47 of the Complaint;

17. Defendant denies the allegations in Paragraph 49 of the Complaint as they relate to any actions by the Defendant;

## AS AND FOR THE FIRST COUNTERCLAIM; LIBEL

18. Defendant repeats and reaffirms his allegations in the previous paragraph 1 through 17;

19. Libel is the publication of defamatory matter in permanent form, as by a written or printed statement, picture, etc.

20. Plaintiff committed libel by making defamatory statements in her complaint filed with the Commission of Human Rights of the City of New York against the Defendant;

21. Plaintiff's states in her complaint to the Commission of Human Rights of the City of New York that the Defendant discriminated against her by denying advantages, facilities, and

privileges of a public accommodation because on her race, gender identity, and perceived sexual orientation, thereby violating Section 8-107 of the Administrative Code of the City of New York;

22. Plaintiff's accusations against the Defendant in her complaint are entirely baseless, frivolous, and fictitious;

## AS AND FOR THE SECOND COUNTERCLAIM; SLANDER

23. Defendant repeats and reaffirms his allegations in the previous paragraph 1 through 22;

24. Slander is an oral defamation, in which someone tells one or more persons an untruth about another which untruth will harm the reputation of the person defamed;

25. Plaintiff committed slander by making malicious, false, and defamatory statements against the Defendant in her complaint with the Commission of Human Rights of the City of New York;

26. Plaintiff's states in her complaint to the Commission of Human Rights of the City of New York that the Defendant discriminated against her by denying advantages, facilities, and privileges of a public accommodation because on her race, gender identity, and perceived sexual orientation, thereby violating Section 8-107 of the Administrative Code of the City of New York;

27. Plaintiff's statements in her complaint are entirely baseless, frivolous and fictitious;

## AS AND FOR THE THIRD COUNTERCLAIM; HARASSMENT

28. Defendant repeats and reaffirms his allegations in the previous paragraph 1 through 27;

29. Harassment is the act of systematic and/or continued unwanted and annoying actions of one party or a group, including threats and demands;

30. The Plaintiff committed harassment by repeatedly insulting the Defendant's employee as well as making continued unwanted demands;

31. On or about July 24, 2011, the Defendant's employee was working in the store with two other sales clerks. As some point around mid-day, the Plaintiff, a person the Defendant's employee believed to be a woman, entered the store. There were no other customers in the store at that time. The Defendant's employee only learned upon receipt of the complaint from the City of New York Commission of Human Rights that the Plaintiff is transgender;

32. The Plaintiff asked the Defendant's employee the price of a set of Dr. Dre headphones;

33. When the Defendant's employee advised the Plaintiff of the price, the Plaintiff asked why the headphones were so expensive. The Plaintiff became increasingly agitated at the price, stating that the headphones were cheaper at other stores. The Plaintiff proceeded to haggle with the Defendant's employee to obtain a lower price on the headphones. However, the Defendant's employee repeatedly informed the Plaintiff that the price was not negotiable;

34. The Plaintiff then asked the price of a cell phone, but did not specify which cell phone. The Defendant's employee asked the Plaintiff "which cell phone," to which the Plaintiff responded "any phone." The Defendant's employee advised the Plaintiff that each phone was a different price and she had to be more specific;

35. The Plaintiff then became even angrier and started complaining about the price of the Dr. Dre headphones again. The Plaintiff began cursing the Defendant's employee, calling him an "asshole" and said, "fuck you and these fucking prices" and, "you come from India, you should go back there." The Plaintiff made other comments containing curse words and references to the Defendant's employee's ethnicity;

36. At no time did the Defendant's employee curse at the Plaintiff. At no time did the Defendant's employee make any references to the Plaintiff's race or sexual orientation;

37. The Defendant's employee's name is not Ali. Furthermore, the Plaintiff never asked for the Defendant's employee's name, nor did the Defendant's employee ever give it to the Plaintiff. The Defendant's employees do not wear nametags;

## AS AND FOR THE FOURTH COUNTERCLAIM;
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

38. Defendant repeats and reaffirms his allegations in the previous paragraph 1 through 37;

39. Plaintiff engaged in belligerent and outrageous conduct;

40. Plaintiff intended to cause, or disregard the substantial probability of causing severe emotional distress to the Defendant;

41. There exists a causal connection between the above conduct and said injury;

42. As a result of said conduct, the Defendant and the Defendant's employees have suffered emotional distress;

## AS AND FOR THE FIFTH COUNTERCLAIM,
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

43. Defendant repeats and reaffirms his allegations in the previous paragraph 1 through 42;

44. By her belligerent and outrageous actions, the Plaintiff caused the Defendant's employees to suffer emotional distress;

WHEREFORE, the Defendant respectfully requests that the Plaintiff's Complaint be dismissed in its entirety; that a judgment in favor of the Defendant, in a sum to be determined, on

each of the Defendants five (5) Counterclaims enumerated above; and for such other and further relief as this Court deems just and proper.

Dated: February 15, 2012
       Queens, New York

                                          Sally S. Attia, Esq.
                                          Attorney for Defendant
                                          125-10 Queens Blvd, Suite 9
                                          Kew Gardens, NY 11415
                                          (718) 725 7347

## VERIFICATION

Mr. Nisar Ahmad, President of Broadway Hi-Tronics, Inc. affirms the following under the penalties of perjury:

I represent Broadway Hi-Tronics, the Defendant in the above captioned action and I am fully familiar with the facts and circumstances herein.

I have read the Answer and Counterclaim and know the contents thereof to be true to my own knowledge except as to the matters therein alleged upon information and belief and that as to those matters I believe them to be true.

Dated: February ___, 2012

Queens, NY

_____
Nisar Ahmad,
President

Subscribed and sworn to before me on February 23rd, 2012

_Vanessa Ramai_
Notary Public

My commission expires on 7/24/14

```
VANESSA RAMAI
Notary Public - State of New York
NO. 01RA6150184
Qualified in Queens County
My Commission Expires  7/24/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X     Index No. # 11-CV-9437
Bendal Holt

                       Plaintiff,

                                                      **ANSWER AND COUNTERCLAIM**

      -against-

Broadway Hi – Tronics, Inc., individually and
d/b/a Hi-Tronics Camera & Electronics

                       Defendants.

---

## DEFENDANT'S ANSWER AND COUNTERCLAIM

---

LAW OFFICE OF SALLY S. ATTIA ESQ.
125-10 Queens Boulevard
2nd Floor, Suite 9
Kew Gardens, New York 11415
(718) 725-7347

by: *Alex Cheredwichenko*

for: _____
Sally S. Attia Esq.
Attorney's signature pursuant
To 22 NYCRR 130-1.1c

---

| | |
|---|---|
| ☑ Certified mail | I served the within Defendant's Answer and Counterclaim by: mailing a copy to each of the following persons at the last known address set forth after each name below; |
| ☐ Personal service | by delivering a true copy of each personally to each person named below at the address indicated. I knew each person served to be the person mentioned and described in said papers as a party there; |
| ☐ Express mail | by dispatching a copy by overnight delivery to each of the following persons at the last known address set forth after each name below |

---

To: Bryan Arce, Esq.
Attorney for the Plaintiff
35 Broad St., 35th Floor
New York, NY 10004

---

Service of a copy of the Answer and Counterclaim is hereby admitted.

Dated:

_____
Attorney(s) for Plaintiff